IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Ramiro Rojas-Parra, | ) | C/A No.: 1:13-1581-TMC-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Warden, FCI Bennettsville, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Ramiro Rojas-Parra ("Petitioner"), proceeding pro se, filed this petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the decision rendered during a disciplinary hearing. Petitioner is a federal prisoner at Federal Correctional Institution in Williamsburg, South Carolina, serving a 78-month sentence rendered by the United States District Court for the Middle District of Florida. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.) for a Report and Recommendation on Respondent's motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(1). [Entry #12]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion. [Entry #13]. Petitioner filed a response. [Entry #15].

Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's motion be granted.

1

I.  Factual and Procedural Background

Petitioner filed this petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging the decision rendered during a disciplinary hearing resulting from incident report No. 2254015 prepared on January 9, 2012 ("Incident Report"), which alleged possession of contraband in the form of a cellular phone and stolen food. [Entry #12-1 at 4–6]. Petitioner asserts he should not have been convicted of the prohibited acts because there was no evidence that he ever actually or constructively possessed the contraband found in his cell, but that the contraband belonged to his cellmate. Because Petitioner's discipline included loss of Good Conduct Time, which impacts the duration of his sentence, this court has jurisdiction over this matter. Petitioner asks the court to "grant him relief from the present conditions of his incarceration, vacate the disciplinary action taken against him and order that he be returned to the federal prison closest to his family." [Entry #1 at 3]. Defendant stipulates that Petitioner has exhausted his administrative remedies pursuant to the formal Administrative Remedy Program of the Bureau of Prisons ("BOP"). [Entry #12 at 3].

The Incident Report indicated that during a random search of Petitioner's cell, prison staff found a cellphone, several cellphone related accessories, and two pieces of turkey salami that had been removed from the institution's Food Services Department. [Entry #12-1 at 4, §11]. As a result, Petitioner and his cellmate were charged with the prohibited acts of Possession, Manufacture, or Introduction of a Hazardous Tool (code 108) and Possession of Stolen Property (code 226). [*Id.* at §§9–10]. The Incident Report was suspended pending referral for criminal prosecution, which was declined on

February 16, 2012, and the Incident Report was thereafter released, thereby resuming the disciplinary process. [*Id.* at 6, §27].

On February 22, 2012, Petitioner received a copy of the incident report [*id.* at 4, §§14–16] and an investigation into the charges was conducted [*id.* at 6, §§23–26]. During the investigation, Petitioner was advised of his rights and was given the opportunity to make a statement in his defense. [*Id.* at 6, §§23–24]. The investigating official determined there was sufficient evidence to support the charges and referred the Incident Report to the Unit Discipline Committee ("UDC") for further review. [*Id.* at 6, §26].

On February 24, 2012, the UDC conducted a hearing. [*Id.* at 4–5, §§17–19]. Petitioner was given the opportunity to make a statement and present documentary evidence at the UDC hearing. [*Id.*] Petitioner elected to make a statement in which he denied any knowledge about the contraband found in his cell. [*Id.*, §17]. The UDC referred the matter to the Discipline Hearing Officer ("DHO") for further review. [*Id.* at 4, §§18–19].

On February 24, 2012, Petitioner was given written notice of the DHO hearing [Entry #12-1 at 7] and of his rights at the DHO hearing. [Entry #12-1 at 8]. On March 14, 2012, the DHO conducted a hearing. [Entry #12-1 at 9]. Petitioner was provided with the opportunity to provide documentary evidence, make a statement, provide witness statements, and receive staff representation. [Entry #12-1 at 9–10]. Petitioner denied the charges and submitted a written statement. [*Id.*] The DHO considered all of the evidence provided at the hearing and determined, that based upon the greater weight of the evidence, Petitioner had committed the prohibited acts as charged. [Entry #12-1 at 11–

3

13]. The DHO sanctioned Petitioner to 68 days loss of Good Conduct Time, forfeiture of 20 days non-vested Good Conduct Time, 60 days disciplinary segregation, loss of telephone privileges for 180 days, and loss of commissary privileges for 180 days. [*Id.* at 13].

On March 28, 2012, a copy of the DHO report was delivered to Petitioner and he was advised of his right to appeal the DHO's decision. [*Id.*].

After administratively exhausting his remedies, Petitioner filed this action on or about June 11, 2013. [Entry #1].

II.     Discussion

    A.     Motion to Dismiss and Motion for Summary Judgment Standards

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court is "not required to accept as true the legal conclusions set forth in a plaintiff's complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Indeed, "[t]he presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support" the legal conclusion. *Young v. City of Mount Ranier*, 238 F.3d 567, 577 (4th Cir. 2001). Furthermore, in analyzing a Rule 12(b)(6) motion to dismiss, a court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs. Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). If on a motion pursuant to Rule 12(b)(6),

matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment under Rule 56. *See* Fed. R. Civ. P. 12(d).

Pursuant to Rule 56, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. At the summary judgment stage, the court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Id*. at 255.

Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). However, a court may not construct a party's legal arguments for him, *Small v. Endicott,* 998 F.2d 411, 417–418 (7th Cir. 1993), nor should it "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Because Respondent, in his motion, presented to the court matters outside the pleadings, which the undersigned did not exclude, the court will treat Respondent's motion to dismiss for failure to state a claim as one for summary judgment.

C.   Analysis

Certain procedural safeguards apply when loss of statutory good time credit is at issue. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). In *Wolff*, the Supreme Court set out the requirements for due process in prison disciplinary hearings:

> 1.   Giving the prisoner written notice of the charges at least 24 hours before he appears for his disciplinary hearing;
>
> 2.   Providing the prisoner a written statement by the fact finder(s) as to the evidence relied on and reasons for the disciplinary action;
>
> 3.   Allowing the prisoner to call witnesses and present documentary evidence in his defense, when permitting him to do so will not be an undue hazard to institutional safety or correctional goals;
>
> 4.   Permitting the prisoner the aid of a fellow prisoner, or if that is forbidden, aid from staff or a competent inmate designated by staff, if the prisoner is illiterate or the complexity of the issue makes it unlikely that the prisoner will be able to collect and present the evidence necessary for an adequate comprehension of the case; and
>
> 5.   Providing impartial fact finders.

*Id.* at 563–76. Additionally, DHO findings revoking a prisoner's good time credit must be supported by "some evidence in the record." *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454–56 (1985). The *Hill* Court declined to adopt a more stringent evidentiary standard as a constitutional requirement, stating:

> Prison disciplinary proceedings take place in a highly charged atmosphere, and prison administrators must often act swiftly on the basis of evidence that might be insufficient in less exigent circumstances. The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact.

*Id.* at 456. The "some evidence" standard is a lenient one, requiring no more than "a modicum of evidence," and is met if there is any evidence in the record that could

support the decision. *Id.* at 455–56; *Baker v. Lyles*, 904 F.2d 925, 932 (4th Cir.1990) ("Nor does [requiring some evidentiary basis to revoke good time credits] imply that a disciplinary board's factual findings or decisions with respect to appropriate punishment are subject to second-guessing upon review."). This standard requires "only that the decision not be arbitrary or without support in the record." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir.1999). As the *Hill* Court noted:

> Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.

472 U.S. at 455–56.

A review of the record reveals that the due process requirements stated in *Wolff* were observed in this case. Petitioner was provided written notice twenty-four hours before the DHO hearing. [Entry #12-1 at 9]. Petitioner was provided a copy of the DHO report [Entry #12-1 at 10–13], which includes information about the evidence relied on and the reasons for the disciplinary action, on March 28, 2012 [Entry #12-1 at 13]. Before the hearing, Petitioner was advised of his right to call witnesses, to present documentary evidence, and to have a staff representative at the hearing. [Entry #12-1 at 8]. Petitioner declined to call witnesses and waived the right to a staff representative. [Entry #12-1 at 9–10].

Petitioner has produced no evidence to establish the fact finders were impartial. The record establishes the DHO examined the record and conducted a hearing. [Entry #12-1 at 9–13 (indicating the DHO considered the photographs of the contraband found

7

and chain of custody form detailing their discovered location; the Incident Report; the incident statement of Petitioner's cellmate taking responsibility for contraband and call to Petitioner's sister; a memorandum dated February 6, 2012 concerning investigation into call made from the contraband cell phone to Petitioner's sister; and Petitioner's approved telephone list reflecting his sister's telephone number)].

Judicial review of prison disciplinary actions is limited solely to a determination of whether there is some evidence in the record to support the DHO's decision. Petitioner denies knowing that the contraband was in his shared cell and believes that his oral statement to the DHO and his cellmate's written statement were not properly credited by the DHO. However, the fact that a cellmate accepts full responsibility for contraband discovered in a shared cell does not necessarily preclude a determination of constructive possession. *See Mason v. Sergeant,* 898 F.2d 679, 680 (8th Cir. 1990)(upholding disciplinary decision based on constructive possession rule where petitioner's cellmate claimed sole responsibility for possession of contraband pajamas in their shared locker); *Miskovsky v. Franklin,* No. 08–6005, 285 F. App'x 570, 571 (10th Cir. 2008) (unpublished) (upholding prison disciplinary conviction based on constructive possession, despite evidence that the petitioner's cellmate allegedly confessed to possession of the contraband items found in the light fixture of a cell that the petitioner shared with another inmate); *Flannagan v. Tamaz,* 368 F. App'x 586, 588 (5th Cir. 2010) (unpublished) (noting that cellmate's confession to placing contraband in the cell common area "would not preclude the DHO's finding of constructive possession"); *Giles v. Hanks,* 72 F. App'x 432, 433–34 (7th Cir. 2003) (unpublished) (upholding disciplinary

decision based on constructive possession rule where inmate claimed sole responsibility for contraband items); *Armijo v. Cozzi-Rhodes*, 2012 WL 5878191 *3 (D.Colo. 2012)(same).

Here, there is some evidence in the record to support the DHO's decision that Petitioner was in constructive possession of the cellular phone and stolen food found in his shared cell. Petitioner does not deny the contraband was found in his cell, and inmates are put on notice that they are responsible for ensuring their areas are free from contraband. 28 C .F.R. § 541.12, Inmate Responsibilities # 4 ("It is your responsibility ... to keep your area free of contraband.").

To the extent Petitioner alleges he is entitled to relief based on a claim of actual innocence, a claim of actual innocence is not a basis for federal habeas corpus relief. *See Dowthitt v. Johnson,* 230 F.3d 733, 741 (5th Cir.2000). "The due process clause does not require later consideration of evidence that could have been but was not presented during a prison disciplinary proceeding." *Jones v. McCaughtry,* 6 F. App'x 371, 372–73 (7th Cir. 2001) (citing *McPherson v. McBride,* 188 F.3d 784, 786–87 (7th Cir. 1999)). Instead, courts look only to whether a prisoner received the procedural protections due under the Constitution and "subsequent tender of additional evidence is irrelevant to [the] due process determination." *Id.* at 373 (citing *McPherson,* 188 F.3d at 787).

Petitioner did not call his cellmate as a witness at the disciplinary hearing. The DHO considered the cellmate's written statement accepting responsibility for the contraband and absolving Petitioner of any culpability. However, the DHO made a determination as to the credibility of Petitioner and his cellmate. Specifically, the BOP's

9

investigation revealed that a call was made from the contraband cellular phone to a number on January 8, 2012 at 10:12 p.m. The dialed number belonged to Petitioner's sister and was listed only on Petitioner's approved telephone list, not that of his cellmate. His cellmate contended that he had known Petitioner's family for 30 years.[1] Specifically, the DHO found that:

> Although you deny the charges and claim that you did not know anything about the cell phones or components, the call log on the phone shows that a call was made to your sister who is only listed on your approved phone list and the call occurred during the facility count when both you and your celly were locked in the cell. Your claim that your celly made the call to your sister without your knowledge is unfounded and your credibility is diminished in providing a true account of all aspects of the incident.

[Entry #1-8 at 7–8].

The DHO is entitled to make credibility determinations. Petitioner has failed to provide any evidence that the DHO was not impartial. Rather, the record establishes the DHO conducted a hearing and examined the record, including the evidence put forth by Petitioner in the form of written statements. Accordingly, Petitioner was afforded all due process required under *Wolff*. The due process clause does not require later consideration of evidence that could have been but was not presented during a prison disciplinary proceeding. *McPherson v. McBride,* 188 F.3d 784, 786–87 (7th Cir.1999). Rather, the court looks only to whether Petitioner received the procedural protections due under the Constitution, and so long as he did, subsequent tender of additional evidence is irrelevant

---

[1] Approximately a year after the March 14, 2012, DHO hearing, Petitioner's sister provided a character letter that stated Petitioner only from the prison phones and never from a cell phone. She also noted that Petitioner's cellmate never spoke with her over a cell phone, either, and that if he had called her number, that she did not take the call. [Entry #1-7 at 2].

to the due process determination. *Id.* at 787.  Because there is some evidence to support the DHO's decision, Respondent's motion for summary judgment should be granted, and the Petition should be denied.

III.    Conclusion

For the foregoing reasons, the undersigned recommends that Respondent's motion for summary judgment [Entry #12] be granted and the petition for writ of habeas corpus be denied, and the petition dismissed with prejudice and without an evidentiary hearing.

IT IS SO RECOMMENDED.

May 7, 2014                                             Shiva V. Hodges
Columbia, South Carolina                     United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

11

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).