IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Ramiro Rojas-Parra, | ) | |
| | ) | Civil Action No. 1:13-1581-TMC |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Warden, FCI Bennettsville, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Ramiro Rojas-Parra ("Petitioner"), a federal inmate proceeding pro se, is seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court grant Respondent's Motion for Summary Judgment (ECF No. 12) and dismiss the petition with prejudice and without an evidentiary hearing. (ECF No. 17). Petitioner timely filed objections to the Report (ECF No. 19), and Respondent filed a reply to those objections (ECF No. 21).

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In that case, the court reviews the Report only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

After a cell phone and stolen kitchen food were found in his cell, Petitioner was convicted of Possession, Manufacture, or Introduction of a Hazardous Tool (Code108) and Possession of Stolen Property (Code 226). Petitioner's disciplinary convictions resulted in the loss of good time credit and other privileges. In his petition, Petitioner asserts he should not have been convicted of the disciplinary charges because there was no evidence that he ever actually or constructively possessed the contraband found in his cell. He argues the contraband belonged to his cellmate.

The magistrate judge found there was some evidence that Petitioner constructively possessed the contraband and recommended granting Respondent's Summary Judgment Motion. (Report at 9). In his objections, Petitioner specifically states that he does not object to the presentation of the law on the issues presented. Rather, he contends that the magistrate judge focused on the cell phone and ignored the conviction relating to the kitchen food. (Objections at 1). Further, Petitioner contends that there is no evidence in the record that he knew about the kitchen food or cell phone or failed to meet his obligations to keep common areas free from contraband. *Id.* He argues that the magistrate erred by assuming that Petitioner was awake and aware of his cellmate's activities. *Id.*

In regard to disciplinary convictions, the Due Process Clause is satisfied as long as there is "some evidence" supporting the hearing officer's findings. *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445 (1985). "Ascertaining whether this [due process] standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether

there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id*. at 455–56.

Inmates are held responsible for contraband found in areas under their control. *See* 28 C.F.R. § 541.12. Constructive possession is sufficient to satisfy the "some evidence" standard of *Hill*. *See Hamilton v. O'Leary*, 976 F.2d 341 (7th Cir.1992) (discussing how probabilities based upon inmate access to contraband may satisfy the "some evidence" standard); *see also McClung v. Shearin*, 90 Fed. Appx. 444, 446 (4th Cir.2004); *McClung v. Hollingsworth*, 2007 WL 1225946 (4th Cir. Apr.26, 2007)(unpublished)  Here, the record contains evidence that a prison guard discovered the contraband, a cell phone and kitchen food, in Petitioner's cell which Petitioner shared with only one other inmate. Accordingly, there is some evidence supporting a finding that Petitioner constructively possessed the contraband.

The court has thoroughly reviewed the Report and Petitioner's objections and finds no reason to deviate from the Report's recommended disposition.  Accordingly, the court adopts the Report (ECF No. 17) and incorporates it herein.  Therefore, Respondent's Motion for Summary Judgment (ECF No. 12) is **GRANTED** and the habeas petition is **DISMISSED** with prejudice and without an evidentiary hearing.

In addition, a certificate of appealability will not issue to a prisoner seeking habeas relief absent "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong.  *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  In this case, the court finds that the petitioner has failed

to make a substantial showing of the denial of a constitutional right. Accordingly, the court declines to issue a certificate of appealability.

    **IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

June 6, 2014  
Anderson, South Carolina